Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Russell R. Bjerke,** an individual;<br><br>Plaintiff,<br><br>v.<br><br>**Cavalry Portfolio Services, LLC,** a Delaware limited liability company;<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff, Russell R. Bjerke, by and through counsel undersigned and in good faith, alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. §§1681 *et seq.* (hereinafter "FCRA"). In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and / or abusive debt collection practices in violation of the FDCPA. Further, Defendant failed to conduct a reasonable investigation of Plaintiff's disputes as required by the FCRA. Plaintiff accordingly seeks to recover actual damages, statutory

1  damages, and punitive damages, as well as reasonable attorney's fees and
2  costs.

## II. JURISDICTION

3
4  2.  Jurisdiction of this Court, over this action and the parties herein, arises under
5      15 U.S.C. § 1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C.
6      §1337.  Venue lies in the Phoenix Division of the District of Arizona as
7      Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III. PARTIES

9  3.  Plaintiff is a citizen of Maricopa County, Arizona.
10 4.  Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as
11     defined by FDCPA §1692a(3).
12 5.  Defendant Cavalry Portfolio Services, LLC ("Cavalry") is a Delaware limited
13     liability company with its principal place of business located at 4050 E. Cotton
14     Center, Bldg. #20, Phoenix, Arizona 85040.
15 6.  Cavalry regularly collects or attempts to collect debts owed or asserted to be
16     owed or due another, or debts that have been assigned or purchased after
17     default, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).
18 7.  Cavalry is also a "furnisher" of information as contemplated by FCRA §
19     1681s-2(a) & (b), who regularly and in the ordinary course of business
20     furnishes information to one or more consumer reporting agencies about
21     consumer transactions or experiences with any consumer.

## IV. FACTUAL ALLEGATIONS

23 8.  On or about August 14, 2002, Cavalry sent Plaintiff a collection letter
24     concerning a credit card account originally held by Mobil Oil Credit Corp.
25     (hereinafter "Mobil account" or "Mobil debt").
26 9.  The August 14, 2002 letter was the first communication sent to Plaintiff by

|   |     |                                                                                      |
|---|-----|--------------------------------------------------------------------------------------|
| 1 |     | Cavalry concerning the Mobil account.                                                |
| 2 | 10. | The August 14, 2002 letter contained the verification / validation notice as required by the FDCPA, 15 U.S.C. § 1692g. |
| 4 | 11. | On or about September 13, 2002, Plaintiff sent Cavalry a letter disputing the Mobil debt, and informing Cavalry that this account had been paid in full to Nationwide Credit in Phoenix, Arizona. |
| 7 | 12. | Despite Plaintiff's letter disputing the Mobil debt, Cavalry never sent Plaintiff verification of the debt as required by the FDCPA. |
| 9 | 13. | Between September 2002 and May 2004, Cavalry continued to send Plaintiff collection letters concerning the Mobil debt. |
| 11 | 14. | In May 2004, Plaintiff received a letter from Merchants' Credit Guide Co. concerning Cavalry and the Mobil debt. |
| 13 | 15. | Plaintiff disputed the debt with Merchants' on June 1, 2004. |
| 14 | 16. | Merchants' never provided Plaintiff with verification of the alleged debt. |
| 15 | 17. | Thereafter, on or about December 7, 2004, Cavalry again sent Plaintiff a collection letter concerning the Mobil debt. |
| 17 | 18. | This letter was sent to Plaintiff without first providing Plaintiff verification of the alleged debt as requested in September 2002, and despite the fact that Plaintiff had paid this debt in full with Nationwide Credit in 2000. |
| 20 | 19. | On January 13, 2005, Plaintiff obtained copies of his credit reports from each of the three national credit bureaus, Experian, Trans Union and Equifax. |
| 22 | 20. | Plaintiff's Experian credit report reflected that Cavalry had been reporting the Mobil account to his credit bureau since 1998, and as recently as November 2004. |
| 25 | 21. | Plaintiff's Trans Union credit report showed that Cavalry had been reporting the Mobil account on his credit bureau since 2001, and as recently as |

1     November 2004.

2  22.   Plaintiff's Equifax report also showed that Cavalry was reporting the Mobil
3     account as recently as November 2004.

4  23.   The Trans Union report also showed that Cavalry had accessed Plaintiff's
5     credit file twice in April 2004, once in July and again in September 2004,
6     twice in November 2004, and three times in January 2005.

7  24.   In or about January 2005, Plaintiff disputed the Cavalry tradeline with one or
8     more of the three credit bureaus.

9  25.   Again, in March 2005, Plaintiff sent letters to each of the credit bureaus
10    disputing the Cavalry tradelines.

11 26.   Plaintiff also included with his letters to the credit bureaus, a copy of a letter
12    from Nationwide Credit showing that Plaintiff had paid the Mobil account
13    back in 2000.

14 27.   In March 2005, Plaintiff received responses from Experian, Equifax and Trans
15    Union each stating that Cavalry had verified that the account was reporting
16    accurately.

17 28.   Upon information and belief, Cavalry failed to convey to the credit bureaus
18    that Plaintiff disputed the alleged debt when it verified and/or reported the
19    account to the credit bureaus.

20 29.   At all times relevant herein, Cavalry was collecting or attempting to collect an
21    amount that not owed by Plaintiff.

22 30.   Cavalry knew or should have known that the debt it was attempting to collect
23    was not owed.

24 31.   Upon information and belief, Defendant's collection practices regularly
25    include false reporting to the credit bureaus.

26 32.   Defendant's actions were intentional, willful, and in gross or reckless disregard

of the rights of Plaintiff and as part of its persistent and routine practice of debt collection.

33. In the alternative, Defendant's actions were negligent.

34. As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual damages.

## V.  CAUSES OF ACTION

### a.  Fair Debt Collection Practices Act

35. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

36. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f(1), and 1692g.

37. As a direct result and proximate cause of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages to which Defendant is liable.

### b.  **Fair Credit Reporting Act**

38. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

39. Cavalry failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comply with FCRA § 1681s-2(b).

40. Cavalry did not have a permissible purpose for accessing Plaintiff's credit reports as alleged above.  FCRA § 1681b(f).

41. Cavalry has wilfully, or alternatively, negligently violated FCRA §§ 1681b(f) and 1681s-2(b) on multiple occasions.

42. As a result of Cavalry's actions, Plaintiff has been damaged.

43. Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer

is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681*o*, the costs of the action together with reasonable attorneys' fees.

44. As a result of Defendant's negligent failure to comply with the FCRA, Defendant is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

45. Pursuant to FCRA § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

46. As a result of Defendant's willful failure to comply with the FCRA, Defendant is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against

1  Defendant for:

2      a)    Actual damages in an amount to be shown at trial;

3      b)    Statutory damages pursuant to FDCPA § 1692k;

4      c)    Statutory damages pursuant to FCRA § 1681n;

5      d)    Punitive damages pursuant to FCRA § 1681n;

6      e)    Costs and reasonable attorney's fees; and

7      f)    Such other relief as may be just and proper.

9  DATED   November 8, 2005  .

10            **FLOYD W. BYBEE, PLLC**

12            s/ Floyd W. Bybee
          Floyd W. Bybee, #012651
13            2173 E. Warner Road, Suite 101
          Tempe, Arizona 85284
14            Office:  (480) 756-8822
          Fax: (480) 756-8882
15            floyd@bybeelaw.com

16            Attorney for Plaintiff